IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

In the Matter of Inspection of

FOUNDATION FOODS GROUP, INC.

: CIVIL ACTION FILE NO.:
: 2:21-MC-16

## ORDER and REPORT and RECOMMENDATION

This matter appears before the Court on motions filed by Foundation Foods Group, Inc. ("FFG"). The Occupational Safety and Health Administration ("OSHA") secured administrative warrants[1] for the inspection of FFG's facilities located at 2076 Memorial Park Dr., Gainesville, GA 30501. FFG filed a motion for an emergency stay of the warrant and to unseal the application. (Doc. 5). FFG also filed a motion to quash the warrant. (Doc. 6). OSHA submitted an opposition to the motions (Doc. 7), and FFG filed a consolidated reply (Doc. 8). The matter is now ripe for disposition.

## BACKGROUND

The facts for purposes of resolving these motions are set forth in the submissions of the parties. FFG's chicken processing plant in Gainesville, Georgia

---

[1] A supplemental inspection warrant (Doc. 4) extends the scope of the original warrant to documents purported to be stored within other buildings located elsewhere on FFGs site but otherwise does not alter the analysis set forth herein.

1

is made up of four facilities. Plant 4, which is the primary focus of this dispute, "produces cooked or partially cooked product with five lines of production." (Doc. 6-1 at 1-2). Once processed, the chicken is frozen.

In January of this year, a liquid nitrogen freezer at the plant malfunctioned and resulted in six workers tragically being asphyxiated and frozen. (Doc. 6-1 at 3; Doc. 7 at 2-3). OSHA began an investigation of that incident. After that investigation started, OSHA received written and oral complaints from workers concerning other potential violations at the plant, including an ammonia leak from a different refrigeration system than the one involved in the January incident. (Doc. 7 at 3).

The United States Attorney's Office presented an administrative warrant application to the undersigned in late April, and after a review of the supporting materials, the undersigned approved of the warrant on April 20, 2021. (Doc. 1). OSHA inspectors visited the building on April 22, 2021, to execute the warrant. (Doc. 7). FFG stopped production on one of the lines at issue and filed its emergency motion to stay the following day. The undersigned directed the Government to file a response and issued a temporary stay pending resolution of the motion.[2] Shortly thereafter FFG filed its motion to quash the warrant which is also addressed herein.

---

[2] It was apparent from the actions of the parties to that point that allowing any further attempted inspection activity was likely to result in only more disputes and emergency motions.

## DISCUSSION

### I. Motion To Quash

OSHA may conduct health and safety inspections of workplaces. 29 U.S.C. § 657. It is well settled that OSHA may seek a search warrant to perform an inspection. *Marshall v. Barlow's, Inc.*, 436 U.S. 307 (1978).

FFG makes several arguments concerning the warrant[3], but OSHA identifies a potentially dispositive issue. In particular, it contends that under the reasoning of *Trinity Marine Products, Inc. v. Chao*, 512 F.3d 198 (5th Cir. 2007) FFG should not be allowed to challenge the warrant prior to its execution and instead any challenges to the validity of the warrant should only go to whether any evidence secured could be relied upon in an administrative action.

#### A. *Trinity Marine* Justifies Denying FFG's Motion To Quash.

OSHA primarily relies on *Trinity Marine* to support its argument that FFG's motion is due to be denied. In that case, an employer contended that it possessed a constitutional right to challenge an administrative search warrant via a contempt proceeding. *Trinity Marine Prods., Inc. v. Chao*, 512 F.3d 198, 200 (5th Cir. 2007).

---

[3] FFG's potential challenges to the warrant include that it "(1) lacks probable cause, (2) may rely on information obtained during OSHA's illegal entry on January 28, 2021; (3) may rely on FFG's OSHA 300 log; (4) is not necessary as FFG has voluntarily cooperated; and (5) irreparably harms FFG by violating its Fourth, Fifth and Sixth Amendment rights and imposing a great financial burden for which there is no remedy to recover." (Doc. 6-1 at 1).

3

The Fifth Circuit forcefully rejected the employer's claim and identified the principles exposing the position as flawed.

> The heart of Trinity's case is its claim there is a constitutional right – an amalgam of the Fourth and Fifth Amendments – to contest an administrative warrant's validity in federal court prior to its execution. ... [T]here is no constitutional right to a pre-execution contempt hearing and [] administrative warrants, like criminal warrants, can be executed by means of reasonable force.
>
> Trinity's so-called right finds no support in the Constitution's text or history and has never been blessed by the Supreme Court. In fact, the best reading of the leading Supreme Court case on point, *Marshall v. Barlow's, Inc.*, 436 U.S. 307 (1978) is decidedly against Trinity's claim. **This is not surprising, because Trinity's argument makes no sense: Just as in the criminal context where a search by federal officers violates a suspect's constitutional rights but no charges are filed, a victim of an unconstitutional administrative search can affirmatively bring the grievance before a federal tribunal by means of a *Bivens* suit. There is no danger of an unremedied constitutional wrong.**

*Trinity Marine,* 512 F.3d at 202 (emphasis added).

In reaching this decision, the *Trinity Marine* court emphasized two salient points. For one, by adopting a less stringent standard of proof for administrative warrants, the Supreme Court in *Barlow's* necessarily meant that "an administrative warrant is a less protective form of warrant." *Trinity Marine,* 512 F. 3d at 209. It follows that an employer subject to an administrative search would not be able to derail the execution of the warrant through a motion to quash if the subject of a criminal investigation has no similar right to challenge a warrant prior to its execution.

4

Secondly, any concerns regarding overreaching to the point of a constitutional violation may be addressed by a *Bivens* action, not by a pre-enforcement challenge. As the *Trinity Marine* court aptly put it:

> There is another route to remedy whatever constitutional violations may occur in an OSHA search: a *Bivens* action. Though from an employer's perspective, *Bivens* may not be a perfect remedy, it is at least as attractive as requiring an employer to risk contempt to get pre-enforcement review of an administrative warrant. But at the same time, ***Bivens* has an advantage that Trinity's proposal does not: We need not recognize a constitutional right to defy a duly-issued warrant.**

*Id.* at 208 (emphasis added).

Under the circumstances presented here, even though FFG attempts to assert its constitutional challenge through a motion to quash in federal court rather than through an administrative contempt proceeding, the principles that support the decision in *Trinity Marine* apply with equal force and require any constitutional challenge to be asserted following the execution of the warrant.[4] For the reasons stated above, it is **RECOMMENDED** that FFG's Motion to Quash be **DENIED**.

> B. <u>Even If The Court Addressed The Merits Of FFG's Motion, The Four Corners Doctrine Would Require The Issue To Be Resolved Without A Hearing Or Taking Additional Evidence As FFG Has Not Made A Proper Showing Under *Franks* To Justify Holding A Hearing.</u>

---

[4] This Court's decision in *United States v. Mar-Jac Poultry, Inc.*, 2:16-cv-0192-WCO-JCF, 2016 WL 10567962 (N.D. Ga. Nov. 2, 2016) does not change this result. In that case the Court entertained a motion to quash an administrative warrant. Notably, OSHA in that case did not argue that the procedure was inappropriate in light of the principles set out in *Trinity Marine*.

The undersigned will address the merits of FFG's challenge to the warrant to assist the District Judge in the event that the District Judge concludes that FFG does have a constitutional right to assert its challenge to an administrative warrant through a pre-enforcement motion to quash. FFG makes numerous arguments concerning the sufficiency of and the sources of evidence which may be reflected in OSHA's application for the warrant. In particular, it seeks a hearing to challenge the evidence relied upon in issuing the warrant. As OSHA correctly points out, such a challenge is inappropriate unless FFG can show it is justified in requesting a *Franks* hearing, as will be addressed below.

Generally speaking, in deciding whether a warrant was properly issued, the consideration of issues is limited to "information brought to the magistrate's attention – that is, within the four corners of the warrant application." *Donovan v. Mosher Steel Co.*, 791 F.2d 1535, 1537 (11th Cir. 1986). "The four corners rule logically applies to all warrants, criminal or administrative." *Id.* In *Mosher Steel*, the Court used the four corners rule to shut down an employer's attempt to go beyond the application to challenge a warrant. In doing so, the Eleventh Circuit explained how this decision was in harmony with the structure and purpose of the administrative warrant scheme:

> We do not believe that *Marshall v. Barlow's* ... envisions the expanded evidentiary inquiry sought here by [the employer] in its efforts to resist an inspection of its plant; an inspection, incidentally, which is itself limited and subject to restrictions as set forth by the magistrate in his

6

order. Rather, *Barlow's,* in our view, suggests that **inspection warrants, which are required under that opinion, are to be issued *ex parte* and "executed without delay and without prior notice."**

*Mosher Steel Co.,* 791 F.2d at 1538 (emphasis added). The exception to the four corners rule is set out in *Franks v. Delaware,* 438 U.S. 154 (1978) which "requires an evidentiary hearing when a defendant makes a substantial preliminary showing that statements or omissions made in an affidavit [] are deliberately false or made with reckless disregard for the truth." *United States v. Goldstein,* 989 F.3d 1178, 1197 (11th Cir. 2021). Despite FFG's prolific set of challenges to the warrant, none assert a plausible basis for a conclusion that the warrant application was deliberately false or made with a reckless disregard for the truth. Therefore, in determining whether the warrant was based on a reasonable belief that a violation has been or is being committed, the undersigned limits the consideration to the application and supporting materials and will not hold a hearing or otherwise allow FFG to engage in discovery.[5] Based on the information presented to the undersigned with the application, even if the Court entertains the motion to quash, it is **RECOMMENDED** that the motion be **DENIED.**

---

[5] Moreover, given the oft-cited need for administrative warrants to be executed without disclosing the nature of the inquiry to the target, the undersigned need not discuss the application and supporting materials other than to say the evidence which satisfied the standard when the application was presented has not been undermined by FFG's efforts.

7

## II. Motion To Unseal

FFG asks that the application be unsealed to assist in evaluating its challenge to the warrant. As set out above, the administrative warrant scheme depends, to large degree, on the inspectors securing *ex parte* warrants with at least some element of surprise to secure evidence of potential violations. For its part, OSHA offers no justification for keeping the entire docket under seal. Accordingly, FFG's motion to unseal is **granted in part and denied in part.** It is hereby **ORDERED** that the docket be **UNSEALED, except** Docs. 1-1, 1-2, 1-3, 1-4, 4-1 and 4-2, which are to remain **SEALED** pending execution of the warrant.

## III. Motion To Stay

The undersigned previously granted FFG's motion to stay pending resolution of these motions. (*See* Minute Entry 04/23/21). Having heard from the parties, the motion is now ripe for disposition. Four factors are to be considered when resolving a motion for a stay including (1) that that movant is likely to prevail on the merits, (2) that absent a stay the movant will suffer irreparable damage; (3) that the adverse party will suffer no substantial harm from the issuance of the stay; and (4) that the public interest will be served by issuing the stay. *Jean v. Nelson,* 683 F.2d 1450, 1453 (11th Cir 1986).

Given the recommended disposition set out above, FFG is unable to satisfy the first factor of being likely to prevail on the merits. As to the second, there can

8

be no substantial concern of irreparable harm in light of the availability of a *Bivens* action should OSHA's conduct in securing the warrants later be proven to have been unlawful. OSHA, and the general public, each have a substantial interest in moving forward with its inspections in a timely manner, which means FFG has not satisfied the third and fourth factors. With FFG being unable to satisfy the exacting standard for keeping a stay in place, its motion for a stay is due to be **DENIED.**

## CONCLUSION

It is hereby **ORDERED that** FFG's motion to unseal (Doc. 5) is **granted in part and denied in part.** It is hereby **ORDERED** that the docket be **UNSEALED, except** Docs. 1-1, 1-2, 1-3, 1-4, 4-1 and 4-2, which are to remain **SEALED** pending return of the executed warrant. Otherwise the motion is **GRANTED.** The Clerk is **DIRECTED** to convert this case to a Civil Action. It is further **ORDERED** that the motion to stay (Doc. 5) is **DENIED.**

It is further **RECOMMENDED** that the Motion to Quash (Doc. 6) be **DENIED.**

**IT IS SO ORDERED, REPORTED and RECOMMENDED** this 3rd day of June, 2021.

/s/ *J. CLAY FULLER*
J. Clay Fuller
United States Magistrate Judge

9