THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff,*    )<br>)<br>v.    )<br>)<br>FOUNDATION FOOD GROUPS, )<br>INC.,    )<br>)<br>*Defendant.*    )<br>_____) | Case No. 2:21-cv-124-RWS-JCF |

### RESPONDENT'S OBJECTIONS TO MAGISTRATE'S
### REPORT AND RECOMMENDATION ON MOTIONS TO QUASH
### WARRANT AND UNSEAL APPLICATION

COMES NOW, Foundation Foods Group, Inc. ("FFG"), by and through counsel and, pursuant to Fed. R. Civ. P. 72(b)(2), respectfully submits its Objections to the U.S. Magistrate Judge's Order and Report and Recommendation issued June 3, 2021, (Dkt. 9). The U.S. Magistrate Judge erred in recommending that FFG's Motion to Quash be denied, in lifting the stay of execution of the warrant, and in refusing to unseal the warrant application and underlying affidavits. FFG laid out in depth the discrepancies between the complaint OSHA relied on to seek the warrant and the scope of the warrant actually granted. There are extremely few warrants where the target would have the information FFG had to demonstrate the extent to which the warrant violated FFG's Fourth Amendment rights and was excessively

00417691

broader than the complaint OSHA had to rely on for its inspection all of which is in FFG's brief in support of its motion to quash the warrant. Significantly, OSHA's own regulations require that when OSHA relies on a complaint to investigate, as is the case here, the complaint must include "reasonable particularity" and *must be provided to the employer* before OSHA begins its investigation. 29 C.F.R. § 1903.11(a). Unlike a criminal warrant where no such requirement exists, OSHA may have a right to preserve an element of surprise to begin its investigation but there can be no reason for preserving the application under seal once the warrant is served and OSHA complies with its own regulation to provide the target the complaint information. Accordingly, the District Court should not adopt the Report and Recommendation and should reverse the Orders. The Court should grant FFG's Motion to Unseal the Application and Motion to Quash. Additionally, the Court should permit FFG an adequate opportunity to examine the application and supporting documents and further brief the Court on the issues of excessive scope and lack of probable cause.

## OBJECTIONS

**A.     The U.S. Magistrate Judge Erred in Recommending FFG's Motion to Quash be Denied.**

The Magistrate Judge found, and the District Court agreed, that *Trinity Marine Products, Inc. v. Chao,* 512 F.3d 198 (5th Cir. 2007), prohibits any challenge to an administrative search warrant prior to its execution and relegates any challenges to

00417691

the Constitutional scope of the warrant to post-execution administrative actions. Where, as here, the warrant application is sealed, the effect of this ruling is to deprive an employer of any meaningful opportunity to challenge an administrative search warrant, effectively negating its ability to protect its Constitutional rights as recognized in *Marshall v. Barlow's*, 436 U.S. 307, 98 S. Ct. 1816, 56 L. Ed. 2d 305 (1978).

The Eleventh Circuit has affirmed District Court decisions quashing OSHA warrants whose scope was not adequately supported by probable cause. See *United States v. Mar-Jac Poultry, Inc.*, 756 F. App'x 856, 858 (11th Cir. 2018) (affirming decision quashing OSHA inspection warrant because supporting affidavits provided insufficient evidence of probable cause); *Donovan v. Sarasota Concrete*, 693 F.2d 1061 (11th Cir. 1982) (affirming dismissal of OSHA citations because evidence relied upon in warrant application was illegally obtained); *In re Crider Poultry, Inc.*, 2010 WL 1524571 (S.D. Ga. 2010) (quashing OSHA warrant for a comprehensive inspection based on investigation arising from a specific complaint). Had this Court's holding been in place when these prior decisions were issued the employers would not have been able to prevent the execution of warrants that the Eleventh Circuit found lacking in Constitutionally-required probable cause.

The U.S. Magistrate Judge also erroneously asserted that a respondent has no remedy other than a post-enforcement *Bivens*[1] action for damages. This is patently false because, as noted above, the Eleventh Circuit has upheld District Court decisions quashing administrative warrants sought by OSHA when they rested upon legally insufficient probable cause. *Bivens* offers no succor at all because in OSHA proceedings there is no ability for "administrative exhaustion" that might exclude the evidence. In OSHA proceedings, the administrative tribunal has determined that evidence obtained in violation of the employer's constitutional rights will not be suppressed. The sole means for an employer to protect itself from OSHA's overreaching is from the district court as no remedy exists after the government chooses to pursue a case.

B. **The U.S. Magistrate Judge Erred in Recommending Denial of FFG's Motion to Unseal.**

The U.S. Magistrate Judge also erred in recommending denial of FFG's Motion to Unseal, noting that nothing within the "four corners" of the warrant application – which remains sealed – gave him pause and adding that he "need not discuss the application and supporting materials other than to say the evidence which satisfied the standard when the application was presented has not been undermined

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (holding that a violation of the Fourth Amendment's prohibition against unreasonable search and seizure by a federal agent acting under color of authority gives rise to a cause of action for damages caused by the unconstitutional conduct).

00417691

by FFG's efforts." (Dkt. 9 at 7, n.5.) A party cannot effectively challenge what it cannot see. The Magistrate Judge's "trust me" assurance rings hollow where FFG has offered detailed information substantiating that OSHA expanded its investigation beyond Fourth Amendment bounds yet the application remains secret, and its contents known only to OSHA and the Magistrate Judge. Moreover, there are multiple instances from the face of the warrant and the complaint OSHA relied on to obtain the warrant that lacks any basis whatsoever for the scope of the warrant this Court granted. Affirming the R&R deprives FFG of any meaningful opportunity to limit OSHA to the Constitutional bounds recognized by the Supreme Court in *Marshall v. Barlow's*.

## BACKGROUND

0n January 28, 2021, a liquid nitrogen accident at FFG's chicken processing plant in Gainesville, Georgia caused the death of six employees. FFG duly reported the incident and OSHA commenced an investigation. It is undisputed that immediately after the accident OSHA inspectors entered the facility without FFG's permission or a warrant and before anyone other than police and fire and rescue were authorized to enter. OSHA relies entirely on two complaints that it received and shared with FFG to obtain the warrant and the face of those complaints undisputedly demonstrate that the scope of the warrant OSHA sought and this Court issued lack any supportable bases.

On April 20, 2021, the U.S. Magistrate approved a warrant application submitted by the U.S. Attorney's office. (Dkt. 1.) The scope of the warrant on its face far exceeds the scope of the accident or subsequent complaints. OSHA filed its warrant application under seal preventing FFG from seeing the underlying evidence and affidavits. (Dkt. 2.) This Court granted OSHA's motion to seal (Dkt. 3) and issued the warrant (Dkt. 4.)

On April 22, 2021, OSHA investigators, accompanied by a U.S. Marshal, visited FFG to execute the warrant. FFG suspended production at one of the plant's lines until its attorney could arrive and filed for an emergency stay of execution of the warrant and a motion to unseal the application. (Dkt. 5.) Briefs were filed by both parties.

On June 3, 2021, the U.S. Magistrate Judge (1) recommended denial of FFG's Motion to Quash the inspection warrant issued upon the sealed application from OSHA; (2) denied FFG's emergency motion to stay enforcement of the warrant; and (3) granted in part and denied in part FFG's Motion to Unseal. (Dkt. 9.) The warrant application and affidavits submitted in support of the warrant remained sealed. FFG immediately filed a Motion to Reconsider the Stay with the District Court (Dkt. 14) and OSHA filed an opposition (Dkt. 16). The District Court granted FFG's motion and reinstated the stay pending reconsideration. (Dkt. 15).

00417691

On June 8, 2021, the District Court entered an Order denying FFG's Emergency Motion for Reconsideration (Dkt. 14), lifting the stay imposed by the Order of June 4, 2021 (Dkt. 15), and allowing OSHA to proceed with execution of the warrant. (Dkt. 17.)

## ARGUMENT AND AUTHORITY

A. **OSHA Warrants Are Not Immune to Constitutional Challenge.**

It is undisputed that FFG has a constitutional right to be free from an unreasonable search and seizure by OSHA. *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 312, 98 S. Ct. 1816, 56 L. Ed. 2d 305 (1978). Where the parties disagree is how an employer should go about challenging an unconstitutional search by an administrative agency such as OSHA, which provides no ability during the administrative proceeding to suppress evidence obtained in violation of the Fourth Amendment other than to reduce penalty.

The Magistrate Judge concluded that *Trinity Marine* precluded pre-enforcement challenge to the warrant (Dkt. 9 at 3) but failed to identify the very narrow question the Fifth Circuit was answering in that case, which was whether there was a Constitutional right to a pre-execution contempt hearing:

> We agree with the ALJ that there is **no constitutional right to a pre-execution contempt hearing** and that administrative warrants, like criminal warrants, can be executed by means of reasonable force. Trinity's so-called right finds no support in the Constitution's text or history and has never been blessed by the Supreme Court. In fact, the best reading of the leading Supreme Court case on point, *Marshall v.*

00417691

> *Barlow's, Inc.,* 436 U.S. 307, 98 S. Ct. 1816, 56 L. Ed. 2d 305 (1978), is decidedly against Trinity's claim. This is not surprising, because Trinity's argument makes no sense: Just as in the criminal context where a search by federal officers violates a suspect's constitutional rights but no charges are filed, a victim of an unconstitutional administrative search can affirmatively bring the grievance before a federal tribunal by means of a *Bivens* suit. There is no danger of an unremedied constitutional wrong.

*Trinity Marine*, 512 F.3d at 202 (emphasis added). But in this case there is a demonstrable "unremedied constitutional wrong" because, by sealing the warrant application, the Court deprived FFG of any opportunity to challenge the underpinnings of the scope of the proposed search – a Constitutional right recognized by the Supreme Court in *Marshall v. Barlow's* and the Eleventh Circuit in *Mar-Jac*, *Sarasota Concrete* and *Crider*. The argument that obtaining a warrant under seal is necessary to preserve the element of surprise does not exist here as OSHA had already presented the complaints to FFG and sought the warrant because FFG refused entry based on the complaints lacking probable cause.

Unlike this case, the respondent in *Trinity Marine* was seeking a contempt hearing prior to enforcement of the warrant. FFG sought to *quash* the warrant, not to get a contempt hearing. And in this case the Constitutional wrong will go unremedied, exacerbated by the Magistrate Judge's refusal to unseal the warrant so FFG can examine the underlying affidavits, which it believes may be based on evidence illegally obtained or lacking in probable cause, in violation of the Fourth Amendment.

00417691

In *Mar-Jac,* the District Court found that OSHA had demonstrated administrative probable cause for issuance of a warrant to inspect for three suspected violations but lacked reasonable suspicion for the other five alleged violations, which OSHA asserted were supported by the OSHA 300 logs and the remaining hazards identified in the Poultry REP. The District Court further found that OSHA had failed to establish that Mar-Jac was selected for inspection pursuant to an application of neutral criteria. Citing *West Point-Pepperell, Inc. v. Donovan*, 689 F.2d 950, 958 (11th Cir. 1982), the Eleventh Circuit observed that "the evidence of a specific violation required to establish administrative probable cause, while less than that needed to show a probability of a violation, must at least show the proposed inspection is based upon a reasonable belief that a violation has been or is being committed and not upon a desire to harass the target of the inspection. This requirement is met by a showing of specific evidence sufficient to support a reasonable suspicion of a violation." *Mar-Jac*, 756 F. App'x at 861. The evidence provided by OSHA does not meet this standard. In many instances, the employer may not know what the government has presented to the court under seal to obtain the warrant. But, here, OSHA provided FFG the information provided in the complaints as OSHA regulations require. Thus, FFG knows that the basis for the warrant is nowhere near the scope of the warrant OSHA ultimately got this Court to issue.

00417691

In *Sarasota Concrete* the Eleventh Circuit affirmed the dismissal of OSHA's citations because it found that the evidence relied upon in the warrant application was illegally obtained and the search warrant exceeded the scope of an ex-employee's underlying complaint. *Sarasota Concrete*, 693 F.2d at 1062. And in *Crider* the District Court quashed a warrant that sought to expand a complaint-based inspection to a wall-to-wall inspection. The Court cited *Barlow's* Constitutional protections and observed there was no real need for secrecy in an OSHA administrative warrant application: "[U]nlike a criminal proceeding where a defendant may 'flush' evidence, 'the risk that the employer will correct the violations before the inspector reappears is not really seen as a problem: if the violations are permanently corrected, then the ultimate objective of the inspection system has been achieved.'" *Crider*, 2010 U.S. Dist. LEXIS 37560 at *14, citing 5 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 10.2(e) (4th ed. 2009).

Had the rule announced in this case been in place when *Mar-Jac, Sarasota Concrete*, and *Crider* were decided, those employers would have been subjected to illegal searches because they would have been deprived of any opportunity to challenge the sufficiency of probable cause prior to the execution of the warrants. This absolutely flies in the face of *Barlow*, which stands firmly for the proposition that OSHA is subject to the Fourth Amendment.

00417691

FFG's hands are tied because all the documents supporting the warrant were filed under seal. FFG has no actual knowledge of what underlying facts, if any, OSHA presented to support the warrant other than the complaint that OSHA shared with FFG per OSHA regulations. While the standard for issuance of an administrative inspection warrant is not stringent, the Court must be satisfied that the search request is not the product of mal-intent or arbitrariness by a vindictive employee or abusive "field inspector." *West Point-Pepperell v. Donovan*, 689 F.2d 950, 958 (11th Cir. 1982). Also, any expansion of the scope of the initial inspection must be supported by probable cause and a reasonable suspicion of violations. For example, the court in *Mar-Jac* found that the Company's OSHA 300 logs, which recorded injuries – not potential violations of OSHA standards -- did not provide probable cause for the expansion of that inspection. *Mar-Jac*, 756 F. App'x 11th Cir. at 863.[2] A sealed warrant application sheds no light on these important questions. But the complaints upon which OSHA claims it sought this warrant does

---

[2] Fed. R. App. P. 32.1 states that "[a] court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and (ii) issued on or after January 1, 2007. (b) COPIES REQUIRED. If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited." Decisions like *Mar-Jac* that are reported in the Federal Appendix are easily accessed. It is curious that neither OSHA nor the Court chose to acknowledge the Eleventh Circuit's affirmance of the District Court's opinion quashing the warrant in *Mar-Jac*.

unequivocally demonstrate that the scope of the warrant is illegally excessive without any legitimate probable cause.

The Magistrate Judge assured FFG he had found probable cause after looking within the "four corners" of the warrant and the underlying application, which remains sealed. (Dkt. 9, at 7, n.5.) But a legal standard for probable cause that depends on secret evidence and a "trust me" is no protection at all. By filing the warrant application under seal, OSHA denied FFG the ability to make an independent assessment of the evidence in the application. By denying FFG's motion to unseal the full application, the Magistrate Judge has kept the contents secret pending execution of the warrant. (Dkt. 9 at 8.) Both invoke OSHA's high calling in preserving public safety: but as the Supreme Court acknowledged in *Marshall v. Barlow's*, 436 U.S. 307 (1978), OSHA nonetheless is bound by the U.S. CONSTITUTION. Moreover, as the District Court noted in *Crider*, OSHA's *raison d'etre* is workplace safety, not punishment. It is hard indeed to see how sealing a warrant application that is based on complaints already provided to the employer, as OSHA's own regulations require be done prior to the inspection beginning, promotes that goal. 29 C.F.R. § 1903.11(a) (the complaint must include "reasonable particularity" and *must be provided to the employer before OSHA begins its investigation*).

00417691

B.     **A *Bivens* Action Is No Remedy**.

Based on *Trinity Marine* the Magistrate Judge proposes that FFG seek redress for any unconstitutional administrative search by filing a *Bivens* suit. (Dkt. 9 at 4,5.) A *Bivens* action is no remedy at all for the Constitutional wrong FFG seeks to avoid, which is an illegitimately-expanded inspection. First, there is the undeniable burden imposed on the employer by an expanded inspection, which may be subjecting it to an unconstitutional search if probable cause is lacking for that expansion. The employer is subject to workplace disruption and the burden of defense.

*Bivens* authorizes a remedy for constitutional violations committed by federal actors. See, e.g., *Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013). But FFG cannot bring a *Bivens* claim against OSHA for the violation of its Constitutional right to be free from unreasonable search and seizure. See *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) (prisoner could not bring *Bivens* action against the U.S. Government or Bureau of Prisons, only against the offending individual officer, subject to claims of qualified immunity). *Bivens* claims also cannot be brought against federal employees acting in their official capacity which is what the Magistrate suggests can be done. *Yeadon v. Lappin*, 423 Fed. Appx. 627, 629 (7th Cir. 2011).

Second, as explained in FFG's opening brief, exceptions peculiar to OSHA further render suppression of illegally-obtained evidence meaningless: the remedy

00417691

is limited only to the penalties to be assessed and is waived if OSHA shows good faith. Suppression of evidence illegally seized is not a viable option in an OSHA proceeding because it can only protect a respondent from having a penalty assessed, not from having the illegally-acquired evidence admitted. The OSHA Review Commission recognized a "good faith" exception to the exclusionary rule in *Smith Steel Casting Co. v. Brock*, 800 F.2d 1329, 1334 (5th Cir. 1986) such that illegal evidence is excluded only with respect to the penalty assessment. See *Delo Screw Products Co.,* 13 BNA OSHC 1279, 1279-80, 1986-87 CCH OSHD P27,895, p. 36,595 (No. 84-203, 1987), and cases cited therein; see also *United States v. Williams*, 622 F.2d 830 (5th Cir. 1980) (*en banc*) (recognizing good-faith exception to exclusionary rule), *cert. denied*, 449 U.S. 1127, 101 S. Ct. 946, 67 L. Ed. 2d 114 (1981); *Sarasota Concrete Co.*, 693 F.2d at 1072. Accordingly, the "exhaustion doctrine" does not apply.

C.     **The Warrant Application Should Be Unsealed**.

The Magistrate Judge denied FFG's motion to unseal the warrant application in substantial part, saying that the warrant was properly issued based upon what was contained within its "four corners" of the (sealed) application. (Dkt. 9 at 6.)[3] Specifically, the Magistrate Judge noted that in *Mosher Steel* "the Court used the four corners rule to shut down an employer's attempt to go ***beyond the application***

---

[3] The District Court does not address this issue in its Order of June 8, 2021. (Dkt. 17.)

00417691

to challenge a warrant." (Id., citing *Mosher Steel Co.,* 791 F.2d at 1538 (emphasis added).) The Magistrate Judge wrote:

> Therefore, in determining whether the warrant was based on a reasonable belief that a violation has been or is being committed, the undersigned limits the consideration to the application and supporting materials and will not hold a hearing or otherwise allow FFG to engage in discovery. Based on the information presented to the undersigned with the application, even if the Court entertains the motion to quash, it is **RECOMMENDED** that the motion be **DENIED.**

(Dkt. 9 at 7 (footnote omitted).) This was error. Leaving aside the prospect of going beyond the warrant application, the Magistrate Judge did not even allow FFG to get to the warrant application itself, as had the Court in *Mosher Steel*, in order to challenge the warrant, but granted OSHA's *ex parte* motion to seal, thus cutting FFG off from the only avenue of relief the Court alluded is permissible effectively shutting FFG out before the door was ever opened.

The applications in *Mar-Jac*, *Sarasota Concrete*, and *Crider* were not sealed. Indeed, the information contained therein formed the basis for their challenges. The rationale for sealing this application remains a mystery only to be revealed, presumably, when the warrant is fully executed, at which time any Constitutional infirmities, such as those which led to the warrants being quashed in those cases, will have occurred without a remedy other than the hollow suggestion that a *Bivens* action might be available.

00417691

In I*n re Up N. Plastics*, 940 F. Supp. 229, 230 (D. Minn. 1996) the court concluded that a person from whom evidence has been seized pursuant to a search warrant does have a Fourth Amendment right to examine the affidavit upon which the warrant was issued, and the court can delay the exercise of that right only upon a showing of a compelling governmental interest that cannot be accommodated by some means less restrictive than sealing the court's records. "The affidavit must be seen to be effectively challenged." *Id*. at 233. "The power to seal court records is necessarily limited by the Constitution," and "the Fourth Amendment requirement of probable cause is meaningless without some way for targets of the search to challenge the lawfulness of that search." *Id.* at 231, 232-33, as quoted in *Bennett v. United States*, No. 12-61499-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 102771, at *14 (S.D. Fla. July 23, 2013).

The four corners rule logically applies to all warrants, criminal or administrative. In either case the reviewing court is charged with examining the magistrate's actual probable cause determination -- not what he or she might have concluded based on information not presented in the warrant application. (The magistrate, of course, is not limited in what he or she may consider in the first instance). This Court has acknowledged the broad scope of the rule: The standards for reviewing a magistrate's finding of probable cause are the same for both administrative and criminal warrants. In passing on the validity of a warrant, the role

00417691

of the reviewing court is limited. Judicial review of the sufficiency of an affidavit for the issuance of a warrant must be strictly confined to the information brought to the magistrate's attention. *West Point Pepperell, Inc. v. Donovan*, 689 F.2d 950, 959 (11th Cir.1982) (warrant based on complaint) (citations omitted). *See also id.* at 960 n. 12; *Brock v. Gretna Machine & Ironworks, Inc.*, 769 F.2d 1110, 1114 (5th Cir. 1985) (warrant based on inspection plan) ("in determining the validity of the warrant we will look no further than the application itself, including any attachments and exhibits, and any sworn testimony given in conjunction therewith"). *Mosher Steel,* 791 F.2d at 1537.

The Magistrate Judge invoked the "four corners" rule (see Dkt. 9 at 6) limiting review to the "four corners" of the warrant application but here has placed the application "off limits" by sealing it. FFG is hard pressed to challenge the contents of a secret document. The Magistrate Judge noted that an exception to the four corners rule is set out in *Franks v. Delaware,* 438 U.S. 154, 155-56, 171-72, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), which "requires an evidentiary hearing when a defendant makes a substantial preliminary showing that statements or omissions made ***in an affidavit*** [] are deliberately false or made with reckless disregard for the truth." *United States v. Goldstein,* 989 F.3d 1178, 1197 (11th Cir. 2021). But again, FFG is hamstrung by being denied access to the underlying application and affidavits. The ruling prevents FFG from being able to challenge the legitimacy or

sufficiency of OSHA's probable cause, which *Marshall v. Barlow's* recognizes to be a Constitutional right.

It is hard to see what "compelling governmental purpose" is served by sealing this warrant application. Surely the element of surprise is absent once the warrant has been served. Nor is there any risk to the public if the employer corrects allegedly violative conditions before OSHA can issue a citation, as the *Crider* court noted. OSHA's mission is workplace safety, not citations. Informer's identities can be protected by other means, such as redaction. In support of its motion to seal OSHA stated that "the employer does not know exactly what OSHA intends to inspect." (Dkt. 2 at 1-2.) True enough: but if that begs the question whether OSHA has probable cause to inspect those areas in the first place. The warrant application should be unsealed so FFG can answer this question.

Finally, many procedural rules are not required by the U.S. CONSTITUTION but rather are the means by which Constitutional rights are effectively enforced. This Court acknowledged the shortcomings of a *Bivens* action remedy. FFG has demonstrated that the other procedures do not effectively protect it from Constitutional harm. A motion to quash is an effective way to enforce a respondent's Constitutional rights. Since it is filed after the warrant is served, the element of surprise is preserved. Further, unlike criminal warrants which are swiftly executed,

00417691

OSHA warrants can take weeks. Indeed, the warrant in this matter is good for ten (10) working days.

The procedures used by the Magistrate Judge demonstrated the swiftness with which this matter can move. OSHA served its warrant on Thursday and inspected the facility the following Thursday and Friday. FFG filed its Motion to Quash on Sunday, OSHA filed its brief on Monday, FFG filed its reply on Wednesday, and the case was ripe for decision within three (3) business days. If the employer can correct safety issues within that time, it is a win for employees, the public, and OSHA. Further, if the search is found to pass Constitutional muster, OSHA can resume quickly and has the power to interview multiple employees and prove safety violations even if they have been quickly corrected and still can issue timely citations with the appropriate penalty. Depriving an employer of an effective procedure to protect its Constitutional rights is too steep a price to pay for a brief delay in execution after a warrant has been served.

## **CONCLUSION**

For the foregoing reasons the District Court should not adopt the U.S. Magistrate Judge's Report and Recommendation. Instead, the Court should grant FFG's Motion to Unseal so the warrant application and all underlying affidavits and documents may be examined to determine whether probable cause exists under the

00417691

Fourth Amendment to the U.S. CONSTITUTION for the areas of inspection identified in the warrant and grant FFG's Motion to Quash.

Respectfully submitted this 17th day of June 2021.

*/s/ J. Larry Stine*
J. Larry Stine
Georgia Bar No. 682555
jls@wimlaw.com
WIMBERLY, LAWSON, STECKEL, SCHNEIDER
 & STINE, P.C.
3400 Peachtree Rd., NE, Suite 400
Atlanta, GA 30326
T: (404) 365-0900

*/s/ Dane Steffenson*
Dane Steffenson
Georgia Bar No. 677780
dsteffenson@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Rd., NE, Suite 1200
Atlanta, GA 30326
T: (404) 233.2330

*Attorneys For Foundation Foods Group, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing pleading is typewritten using Times New Roman font, fourteen-point type.

DATED this 17th day of June 2021.

*/s/ J. Larry Stine*
J. Larry Stine
Georgia Bar No. 682555

00417691